UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-61 |
| HENRY EVANS | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of its decision of September 24, 2018 to hold the record open to allow counsel for Defendant Henry Evans to proffer testimony,[1] filed by the United States of America.[2] The Court notes the initial action complained of is reflected in the Court's minute entry of September 20, 2018.[3] The Court will consider the pending motion as one to reconsider that decision. For the following reasons, the Court **DENIES** the United States' motion.

## BACKGROUND

In the Second Superseding Indictment, Defendant Henry Evans was charged in Count 1 (Conspiracy to Commit Health Care Fraud pursuant to 18 U.S.C. § 1349), Count 2 (Conspiracy to Receive and Pay Illegal Health Care Kickbacks pursuant to 18 U.S.C. § 371), and Counts 28–31 and 43–46 (Health Care Fraud pursuant to 18 U.S.C. § 1347, 2).[4] This Court held a jury trial beginning on April 11, 2017.[5] On May 9, 2017, the jury found Dr. Evans guilty of the health care fraud offenses charged in Counts 31 and 43–46.[6]

As reflected in the Court's minute entry, during a telephone status conference on September 20, 2018 counsel for Dr. Evans requested "that he be allowed to introduce

---

[1] R. Doc. 1516 at 1.
[2] R. Doc. 1576.
[3] R. Doc. 1502.
[4] R. Doc. 670.
[5] R. Doc. 1010.
[6] R. Doc. 1067.

1

testimony about loss calculations at the sentencing hearing."[7] He wished to "call Special Agent Krista Bradford on cross-examination and [to] present expert testimony."[8] The Court explained that "evidence relevant to the loss allocation had been presented at the trial, that the parties ha[d] had the opportunity to do extensive briefing on the issue, and that, as a result, no live testimony w[ould] be allowed at the sentencing hearing."[9] The Court informed the parties that it would allow counsel for Dr. Evans "to proffer his own expert's testimony about loss calculations on the record at the conclusion of the [sentencing] hearing."[10]

The sentencing proceedings in the instant case began on September 24, 2018.[11] The minute entry for that date reflects that the Court reiterated it would "hold the record open to allow attorney Vincent Booth[, counsel for Dr. Evans,] to proffer certain testimony from Dr. David Borne, Dr. David Khalid, Henry Evans and Barry Lee."[12] The Court specified that "[t]he proffered testimony may be by deposition or in court after proper notice to all parties."[13] The Court set a deadline of October 19, 2018 for the proffers.[14]

On September 25, 2018, the Court entered a revised preliminary order of forfeiture.[15] On the same day, Dr. Evans was sentenced and ordered to forfeit $13,450.93 and to pay $1,262,043 in restitution.[16] Judgment was entered on September 28, 2018.[17]

---

[7] R. Doc. 1502 at 1.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 2.
[11] R. Doc. 1516.
[12] *Id.* at 1.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 1518.
[16] R. Doc. 1519.
[17] R. Doc. 1521.

On October 4, 2018, Dr. Evans filed a Notice of Appeal.[18] On October 10, 2018, an Amended Judgment was entered.[19]

On October 12, 2018, the United States filed the instant motion.[20] It moves the Court to reconsider its decision to allow counsel for Dr. Evans to proffer evidence on the record after sentencing and entry of judgment.[21]

On October 16, 2018, the Court held a telephone status conference. The minute entry reflects that the Court clarified it would allow Dr. Evans to make an offer of proof "relating only to the amount of loss allocated to Henry Evans and the restitution Henry Evans was ordered to pay, pursuant to Rule 103(a) of the Federal Rules of Evidence."[22] The Court specified that the offer of proof would "be presented on October 17, 2018 at 1:00 p.m." in her courtroom.[23] The offer of proof was presented, and the transcript was filed on the record on October 26, 2018.[24]

## LAW AND ANALYSIS

Although the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, "[a] motion for reconsideration in a criminal proceeding is a legitimate procedural device."[25] For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases.[26] A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest

---

[18] R. Doc. 1547.
[19] R. Doc. 1567.
[20] R. Doc. 1576.
[21] *Id.*
[22] R. Doc. 1579.
[23] *Id.*
[24] R. Doc. 1599.
[25] *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.1982)).
[26] *See, e.g., United States v. Staggers*, No. CR 16-36, 2018 WL 4909912, at *8 (E.D. La. Oct. 10, 2018); *United States v. Perez*, No. 04-CV-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010) ("Absent specific guidance under the criminal procedural rules, the Court looks to the jurisprudence of Federal Rule of Civil Procedure 59(e) in considering [the defendant]'s motion.").

error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[27] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[28] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[29] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[30]

In deciding motions under the Rule 59(e) standard, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[31]

The United States explicitly admits there has been no change in existing law and that no new evidence has become available.[32]

---

[27] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).
[28] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[29] *Templet,* 367 F.3d at 479.
[30] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[31] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[32] R. Doc. 1576-1 at 3.

4

As a result, the Court addresses whether its decision of September 20, 2018 was based on a manifest error of law and whether reconsideration is necessary to prevent manifest injustice.

I. **The Court's decision of September 20, 2018 was not based on a manifest error of law.**

The United States argues the Court "has only a few, narrow options for altering the judgment," citing 28 U.S.C. § 2255, which allows courts to vacate, set aside or correct a sentence; 18 U.S.C. § 3582(c), which allows courts to modify a sentence; Rule 35 of the Federal Rules of Criminal Procedure 35, which allows courts to correct or reduce a sentence; and Rule 36 of the Federal Rules of Criminal Procedure 36, which allows the correction of clerical errors.[33] The Court agrees that its ability to alter judgments after sentencing is limited. However, the Court's decision relating to the offer of proof does not alter Dr. Evans' judgment in any way.

The United States cites *United States v. Pena*, in which the Fifth Circuit held that "[a]n appeal divests the district court of its jurisdiction over those aspects of the case involved in the appeal. Further, an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, except in aid of the appeal or to correct clerical errors."[34] In *Pena*, the Fifth Circuit held the district court lacked authority to consider a post-judgment motion to compel because it "neither facilitated [the] appeal, nor corrected any clerical error."[35]

*Pena* is inapposite. In this case, the Court did not give Dr. Evans leave to file a motion on an aspect of the case involved in the appeal. Rather, the Court permitted Dr.

---

[33] *Id.*
[34] 713 F. App'x 271, 272–73 (5th Cir. 2017).
[35] *Id.* at 273.

5

Evans to proffer evidence on the record. The Court informed the parties that it would not review the proffered testimony. The Court made this decision before Dr. Evans was sentenced, when it unquestionably had jurisdiction over all aspects of the case. "[T]he district court has the inherent power to control its own docket,"[36] including the discretion to allow the proffer of evidence.

The United States argues the inclusion of Dr. Evans' proffered testimony will hinder his appeal because "[i]f the Fifth Circuit were to review the proffered testimony, it would be the first court to do so. The Fifth Circuit should review Evans's case for what actually happened."[37] Presumably, the Fifth Circuit will be asked to review the Court's decision not to allow live testimony at the sentencing hearing. If it finds the ruling to be incorrect, it may decide to review the proffered evidence. Its inclusion on the record after sentencing does not hinder the appeal, but may facilitate it.

The United States has failed to establish that the Court's decisions with respect to the proffered evidence are based on a manifest error of law.

## II. Reconsideration of Court's decisions is not necessary to prevent manifest injustice.

The only consequence of the Court's order is the inclusion of a transcript of the offer of proof in the record. The United States does not argue excluding the transcript is necessary to prevent manifest injustice. The Court finds its decisions with respect to the proffered evidence will not cause manifest injustice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration of the Court's decision of September 20, 2018 to hold the record open until October 19,

---

[36] *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 687 (5th Cir. 2017); *see also Clinton v. Jones*, 520 U.S. 681, 683 (1997).
[37] R. Doc. 1576-1 at 5.

6

2018 to allow counsel for Defendant Henry Evans to proffer testimony, filed by the United States of America, be and hereby is **DENIED**.[38]

**New Orleans, Louisiana, this 7th day of December, 2018.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 1576.