UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-61 |
| HENRY EVANS | SECTION "E" |

## ORDER AND REASONS

Before the Court is a motion for release pending appeal, filed by Defendant Henry Evans.[1] The Government opposes Evans' motion.[2] Evans filed a reply memorandum.[3] For the following reasons, Evans' motion is **DENIED**.

## BACKGROUND

The background of this matter is set forth in the Court's Order and Reasons denying the original motions for release pending appeal filed by five defendants, including Evans.[4] On May 29, 2019, Evans filed a Second Motion for Bail Pending Appeal.[5] Evans asserts the issues ultimately raised in his appeal differ in significant ways from the ones raised in his first motion for bail pending appeal and Fifth Circuit Court of Appeals caselaw requires him to present the specific grounds for granting bail to the district court for initial determination.[6] Evans adopts the arguments made in his Original Brief on Appeal[7] and requests that the Court review the original brief submitted to the Fifth Circuit on his behalf.[8] The Court finds all but one of the issues raised in the Second

---

[1] R. Doc. 1822.
[2] R. Doc. 1841.
[3] R. Doc. 1851.
[4] R. Doc. 1685.
[5] Evans filed a Request for Ruling on this motion, in light of the impending oral argument in his appeal. R. Doc. 1873.
[6] R. Doc. 1822-1, at 1.
[7] R. Doc. 1822-3.
[8] *Id.* at 3, 5.

1

Motion for Bail Pending Appeal already have been raised by Evans[9] and addressed by the Court, and, as set forth below, the Court has found its rulings on those issues do not raise substantial questions of fact or law.[10] With respect to the issues already addressed by the Court, the Court assumes Evans has filed this repetitive motion out of an abundance of caution. The Court will address the one issue not already ruled on by this Court in connection with the first Motion for Bail Pending Appeal, namely, the Court's denial of Evans' request to cross-examine certain witnesses and present expert testimony at the sentencing hearing.

## ANALYSIS

### I. The Appeal Does Not Raise Substantial Questions of Law or Fact Likely to Result in Reversal or a New Trial.

Evans first argues his appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial under 18 U.S.C. § 3143(b)(1)(B)(i) and (ii). The first issue raised by Evans is that the Government's evidence on Count 31 related to patient "JoWi" shows the Government had mistaken the patient named in this count (also named JoWi) for one of Evans' patients with the same name and that the Government offered no evidence to show that the JoWi who was Evans' patient was not in fact under his care. Nor, he argues, did the Government offer any other evidence of fraud by Evans with respect to either JoWi. As a result, Evans argues the evidence was not sufficient to sustain the conviction of Evans on this count.

Second, with respect to Counts 43-46 related to patient "MaGr," Evans argues the Government's evidence did not show that Evans knowingly "certified" the diagnoses put

---

[9] *See* R. Doc. 1608; R. Doc. 1440 incorporated therein.
[10] To show a question is a "substantial question of law or fact," a defendant must show the question is one which is "novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985)).

2

on the relevant form by another party and, as a result, there was no evidence of fraudulent intent on his part; there was no reliable evidence that MaGr did not qualify for home health care; and there was no evidence that Evans failed to provide the services for which he billed Medicare. As a result, Evans argues there was not sufficient evidence to support his conviction on these counts.[11]

Alternatively, Evans argues he is entitled to a reversal of his convictions because the expert opinion of Dr. Lutz was not the product of reliable principles and methods, making his opinion inadmissible and the evidence supporting conviction insufficient.

To the extent Evans now seeks release on bail pending appeal because there was not sufficient evidence to support his convictions on Counts 31 and 43-46, the Court has fully addressed and rejected these arguments in its previous rulings and will not repeat its reasoning here.[12] Similarly, with respect to the admissibility of the expert testimony of Dr. Lutz, the Court has fully addressed and rejected this argument in its previous rulings, and will not repeat its reasoning here.[13]

Evans has not met his burden of proving by clear and convincing evidence that he is entitled to release on appeal on this basis. His appeal does not raise substantial questions of law or fact likely to result in reversal or an order for a new trial.

II. **The Appeal Does Not Raise Substantial Questions of Law or Fact Likely to Result in a Reduced Sentence to a Term of Imprisonment Less Than the Total of the Time Already Served Plus the Expected Duration of the Appeal Process.**

Second, Evans argues his appeal raises substantial questions of law or fact likely to result in a reduced period of imprisonment less than the total of the time served plus the expected duration of the appeal process under 18 U.S.C. § 3143(b)(1)(B)(iv).

---

[11] R. Doc. 1822-1, at 3–4.
[12] *See* R. Doc. 1482, at 26–32; R. Doc. 1685, at 9–11.
[13] R. Doc. 1482, at 60–70; R. Doc. 1685, at 30–31.

To show a question is a "substantial question of law or fact," a defendant must show the question is one which is "novel, which has not been decided by controlling precedent, or which is fairly doubtful."[14] A question is substantial if it is "close" or "very well could be decided the other way," meaning "the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."[15] This determination must be made "on a case-by-case basis."[16]

Evans argues on appeal the Court's denial of his request for an *evidentiary hearing* in connection with sentencing denied him due process.[17] In reality, Evans made an oral request during a post-trial telephone status conference that he be given the opportunity to introduce testimony about loss calculations and, in particular, that he be allowed to call Special Agent Krista Bradford on cross-examination and present expert testimony of his own, at the *sentencing hearing*.[18] In the Minute Entry following the telephone status conference, the Court ruled that "evidence relevant to the loss calculation had been presented at trial, that the parties have had the opportunity to do extensive briefing on the issue, and that, as a result, no live testimony will be allowed at the sentencing hearing."[19] The Court informed Evans he would be allowed to file supplemental briefing on loss calculations by no later than Friday, September 21, 2018."[20] The Court also informed Evans that he would be allowed to proffer his own expert's testimony about loss calculations on the record.[21] Evans filed a supplemental brief.[22] On September 22, 2018,

---

[14] *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19 (3rd Cir. 1985)).
[15] *Id.* (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).
[16] *Id.*
[17] R. Doc. 1822-1, at 4; R. Doc. 1822-3, at 58.
[18] R. Doc. 1502, at 1.
[19] *Id.*
[20] *Id.* at 2.
[21] *Id.*
[22] R. Doc. 1500.

4

Evans requested the Court reconsider its ruling.[23] His request did not raise any arguments that could not have been raised in response to the motion in limine. The Court denied the request for reconsideration on the record.[24]

On appeal, Evans now argues that he should have been allowed to present evidence at the sentencing hearing showing his patients qualified for home health care, that he had provided medical services to them, and the value of his services. To be entitled to release pending appeal on this basis, Evans must first show the Court's refusal to grant his request raises a substantial doubt and could very well be decided another way. Evans argues this Court's ruling denying his request to present evidence at the sentencing hearing might very well be reversed because he should have been allowed to cross-examine Special Agent Krista Bradford and to present evidence at the sentencing hearing regarding the legitimacy of his billings and the value of his services.

In what appears to be an effort to excuse his failure to present this evidence at trial, Evans now claims the Court prohibited him from doing so. To support his position, Evans persists in misrepresenting the import of the Order and Reasons entered on September 26, 2016,[25] six months before the trial commenced on April 12, 2017.[26] He argues that, in that order, the Court permitted him only "to put forth evidence of proper billings related to the eight specific billings in the indictment,"[27] and not with respect to Abide billings. The issue before the Court on September 26, 2016 was the Government's Motion in Limine to Preclude Introduction of "good acts" of the defendants.[28] The Government

---

[23] R. Doc. 1506-2.
[24] R. Doc. 1661.
[25] R. Doc. 725.
[26] Evans argued in his Motion to Reconsider Ruling that the Court specifically prohibited the defendants from putting on "evidence regarding the admission of worthy patients into home health care" or "evidence of specific instances of uncharged proper Medicare billing." R. Doc. 1506-2, at 5. Evans has taken these quotes out of context.
[27] R. Doc. 1822-3.
[28] R. Doc. 646.

sought to exclude specific acts, personally or professionally performed by the defendants, that are "arguably probative of 'good character.'"[29] Specifically, the Government sought to exclude evidence that the defendants (1) referred patients to home health care who were insured by Blue Cross or who had been patients in hospitals such as Touro and Oschner, and (2) engaged in community service or other good works.[30] Evans filed an objection to the motion in limine but only joined in the substance of the arguments made by Barnes.[31] Barnes' opposition merely asked the Court to defer ruling until trial but did not address the merits of the motion in limine.[32] If Evans believed the Government's motion in limine sought to preclude him from introducing evidence at the trial of the legitimacy of his billings and the value of services he rendered, he should have raised the issue at the time rather than adopting the request for deferral made by Barnes. The Court found that none of the crimes charged against Evans is a crime in which his character is an element and that Rule 405(b) of the Federal Rules of Evidence clearly explains that specific instances of prior good deeds may not be introduced.[33] The Court's ruling had nothing to do with Evans' right to offer evidence at trial of the legitimacy of his billings and the value of the services rendered with respect to, or beyond, the "eight specific billings in the indictment." Instead, Evans and the other Defendants were prohibited only from introducing evidence of their referrals of patients from certain hospitals and their good acts.

---

[29] *Id.* at 1.
[30] R. Doc. 646-1, at 4.
[31] R. Doc. 687.
[32] R. Doc. 659.
[33] R. Doc. 725, at 7-8. The Court also mentioned that evidence of proper Medicare billing could not be used to negate intent. R. Doc. 725, at 4.

Evans further complains the "legitimacy of the billings listed in Exhibits 1421 and 1422 had not been discussed at trial,"[34] and that he did not have an opportunity to cross-examine the Government's witnesses about them. These exhibits were admitted into evidence[35] during the testimony of Special Agent Krista Bradford.[36] Evans was not prohibited from cross-examining Special Agent Bradford about the exhibits or from presenting related evidence at the trial. In fact, Evans did cross-examine Special Agent Bradford extensively, including questioning her about Exhibit 1422 and about patients not named in the indictment.[37] Evans was not prohibited from cross-examining Special Agent Bradford about the legitimacy of his billings or the value of the services he provided. The witnesses called by Evans in his defense were the defendant himself, Dr. Eartha Johnson, and Joycelon Brooks.[38] The Government made no objection to testimony by Evans with respect to the legitimacy of his billings and the value of the services he rendered. Dr. Johnson and Ms. Brooks were not asked to and did not offer any testimony on these topics. The Government did not object to, and the Court did not prohibit Evans from, calling additional witnesses.[39] Evans was not prevented from presenting evidence that his patients qualified for home health care, that he had provided medical services to them, or the value of his services.

There can be no doubt that a defendant is entitled to a sentencing proceeding that is fundamentally fair,[40] and this requires at a minimum "notice and opportunity for

---

[34] R. Doc. 1822-3.
[35] R. Doc. 1047.
[36] R. Doc. 1432.
[37] R. Doc. 1651, at 236–322, 357–59.
[38] R. Doc. 1049.
[39] Monique Barconey, a former employee of Evans, was called by the Government as a witness and also questioned by counsel for Evans. It is likely Evans also would have called Ms. Barconey in his case if she had not already been called by the Government. Evans did not question her about these topics.
[40] *Betterman v. Montana*, 136 S. Ct. 1609, 1618 (2016).

hearing appropriate to the nature of the case."[41] A sentencing hearing was conducted in this case, and the calculation of the amount of loss was discussed at that hearing. As a result, Evans' objection is "to the form of the hearing, and more specifically, to the district judge's refusal to allow"[42] him to cross-examine Special Agent Krista Bradford and to introduce testimony from his own expert at the sentencing hearing. Evans had an opportunity to review his Pre-Sentence Report and to file formal objections to that report. He could have filed affidavits and other exhibits in support of his objections at the sentencing hearing. Evans did in fact file objections to the PSR. Evans received notice of the sentencing hearing and an opportunity to participate. His due process rights have not been denied.

Furthermore, even if Evans could show the denial of his request to present additional testimony at the sentencing hearing is doubtful, Evans would also be required to show it is likely a different ruling would result in a reduced period of imprisonment less than the total of the time served plus the expected duration of the appeal process. Evans does not argue that a correct ruling would result in no imprisonment but only that it would result in a reduced period of imprisonment less than the total of the time served plus the expected duration of the appeal process.

The Court allowed Evans to proffer the evidence he would have presented at the sentencing hearing.[43] A transcript of the proffer made on October 26, 2018, is in the record.[44] It has not been determined whether the Court would have allowed Barry Lee to testify at the sentencing hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[45]

---

[41] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).
[42] *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994).
[43] R. Doc. 1579.
[44] R. Doc. 1599.
[45] 509 U. S. 579 (1993).

Assuming that Lee's testimony would have been allowed, Evans has offered no explanation of how a ruling in line with his expert's opinion would affect the calculation of his sentence. To support an argument that a ruling in his favor would result in a decreased sentence, Evans is required to explain the impact of a ruling in his favor on the calculation of the sentencing guidelines.

Evans received a well-below guidelines sentence of fifty months imprisonment on September 25, 2018.[46] Evans filed his notice of appeal on October 4, 2018.[47] Evans self-surrendered on January 28, 2019,[48] and has served a little over eight months of his sentence. In his original motion, Evans asserts the expected duration of the appeal in this case is 14 months.[49] Evans represents that oral argument on his appeal is set on November 6, 2019.[50] Based on Evans' estimate of the duration of the appeal, it may be decided in the next few months. Evans has not established that, even if the Court accepted the testimony of his expert Barry Lee and reduced his loss calculation to $68,439, the lowest amount suggested by Lee under his most favorable defense theory,[51] Evans' sentence would be reduced to a period of imprisonment less than the total of the time served plus the expected duration of the appeal process.[52]

Finally, in his reply memorandum, Defendant argues the application of *United States v. Ricard*[53] to his case "will could" likely reduce his sentence to a term of imprisonment less than the total of the time already served plus the expected duration of

---

[46] R. Doc. 1567.
[47] R. Doc. 1547.
[48] R. Doc. 1822-3, at 37.
[49] R. Doc. 1608-1, at 10.
[50] R. Doc. 1873.
[51] R. Doc. 1599-3, at 3.
[52] Evans' base offense level was 6. He received a two point enhancement for mass marketing and a two point enhancement for abusing a special skill and position of trust. A loss calculation of $68,439 results in a Special Offence Characteristic for loss of more than $40,000 of an additional six points. This results in a guidelines range of 21 to 27 months. R. Doc. 1271. Evans has served about eight and one-half months.
[53] 922 F.3d 639 (5th Cir. 2019).

the appeal process.[54] As the Government points out, *Ricard* involved a sentencing under U.S.S.G. § 2B4.1(b)(1), while Evans is sentenced under § 2B1.1(b)(1). Fifth Circuit cases under § 2B1.1(b)(1) have held that the Defendant bears the burden of proving he rendered legitimate services and that Medicare would have paid for those services but for his fraud.[55] Also, unlike *Ricard*, this Court found at sentencing that the fraud was "pervasive and difficult to detect," which shifted the burden to Evans to show the loss amount should be offset by legitimate services.[56]

## CONCLUSION

Evans has not met his burden of proving by clear and convincing evidence that he is entitled to release on appeal because his appeal raises substantial questions of law or fact likely to result in a reduced period of imprisonment less than the total of the time served plus the expected duration of the appeal process.

**New Orleans, Louisiana, this 15th day of October, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[54] R. Doc. 1844-2.
[55] *United States v. Mahmood*, 820 F.3d 177, 194 (5th Cir. 2016); *United States v. Ezukamma*, 756 F. App'x 360, 375 (5th Cir. 2018).
[56] R. Doc. 1662, at 155–56 (citing *United States v. Hebron*, 684 F.3d 554 (5th Cir. 2012)).